# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-299 (SRN/BRT) |
| Plaintiff, | |
| v. | |
| Rodrigo Hernandez-Guevara (2), and Joyce LeeAnn Rios (3), | **ORDER** |
| Defendants. | |

Thomas M. Hollenhorst, Esq., Assistant United States Attorney, counsel for Plaintiff.

Ryan Christian Else, Esq., Brockton D. Hunter, PA, counsel for Defendant Hernandez-Guevara.

Elizabeth M. Forsythe, Esq., Dorsey & Whitney LLP, counsel for Defendant LeeAnn Rios.

This action came on for hearing before the Court on February 1, 2019, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN, 55101. The parties have filed various pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:

I. **Motions by the Government**

    1. **Government's Motion for Discovery.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Defendants do not oppose this motion. Therefore, the Government's Motion for Discovery **(Doc. No. 27)** is **GRANTED**.

**2. Government's Supplemental Motion for Discovery of Expert Testimony.** The Government moves for a written summary of testimony each Defendant intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial. The Government requests that the summary describe the opinions of the witnesses, the bases and reasons therefore, and the witnesses' qualifications. The Government requests that the disclosures be made thirty days before trial, and that any rebuttal reports be noticed no later than ten days before trial. Defendants do not oppose this motion. Therefore, the Government's Supplemental Motion for Discovery of Expert Testimony **(Doc. No. 49)** is **GRANTED**.

**3. Government's Motion for Psychiatric Exam as to Defendant Rodrigo Hernandez-Guevara.** The Government also moves for an Order directing that a psychiatric or psychological examination of Defendant Hernandez-Guevara be conducted. *See* 18 U.S.C. §§ 4241(a), 4242(a); Fed. R. Crim. P. 12.2(c). This motion was filed in response to Hernandez-Guevara's motion to appoint an expert medical witness to evaluate Hernandez-Guevara for "diminished capacity and post-traumatic stress disorder," asserting that he "did not have knowledge that what he was delivering . . . was a controlled substance," which would only be possible if he "was suffering from a defect of perception or intellect such that he did not fully understand the nature of the events around him or what he was doing." (Doc. No. 52.)

The Government's Motion for Psychiatric Exam as to Defendant Rodrigo Hernandez-Guevara **(Doc. No. 57)** is **GRANTED**. Defendant explained at the hearing that he is giving notice of an insanity defense pursuant to Rule 12.2(a) of the Federal

Rules of Criminal Procedure. Since the Defendant has raised the issue of his mental competency at the time of the commission of the instant offenses, the Court shall order that a psychiatric or psychological examination of the defendant be conducted. *See* 18 U.S.C. § 4242(a); Fed. R. Crim. P. 12.2(c)(1)(B) ("If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242.").

IT IS HEREBY ORDERED that Defendant Rodrigo Hernandez-Guevara be committed to the custody of the Attorney General for a reasonable period, not to exceed forty-five days with a thirty-day extension for good cause shown, for a psychological examination to determine his competency to proceed in this matter and to determine the existence of insanity at the time of the offenses. *See* 18 U.S.C. § 4247(b). This examination is to be conducted in a suitable facility. *See* 18 U.S.C. § 4247(b). Pursuant to 18 U.S.C. §§ 4241(b) and 4242(a), after such examination is conducted, a psychological report shall be filed pursuant to 18 U.S.C. §§ 4247(b) and 4247(c).

The Court further finds that the ends of justice are served by determining whether the Defendant is competent to stand trial and whether he was insane at the time of the offenses outweigh the best interest of the public and the Defendant in a speedy trial, and thus, any delay that may result from the date this Order is signed until the psychological report is received by the Court shall be excluded in computing the time within which the trial of this mater must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B).

4. **Motion for Pretrial Psychiatric or Psychological Examination of Defendant Joyce LeeAnn Rios.** The Government withdrew this motion **(Doc. No. 55)** at the motions hearing. (Doc. No. 67.)

II. <u>**Motions by Defendant Joyce LeeAnn Rios**</u>

1. **Motion for Release of Brady Materials.** Defendant Rios moves for an Order requiring the Government to disclose exculpatory material pursuant to *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government responds that it will disclose any evidence favorable to Defendant. Defendant's Motion for Release of Brady Materials **(Doc. No. 42)** is **GRANTED**.

2. **Motion for Discovery and Inspection of Electronic Surveillance.** Defendant moves for an Order requiring the Government to disclose and certify the extent of electronic surveillance used during the course of its investigation in this case. The Government responds that it will fully comply with its discovery obligations and provide the defense with all known electronic surveillance materials. In particular, the Government will provide the defense with the tracking data obtained from the tracker warrants previously provided in discovery. Defendant's Motion for Discovery and Inspection of Electronic Surveillance **(Doc. No. 43)** is **GRANTED**.

3. **Motion for Disclosure of Informants and to Make Informants Available for Interview.** Defendant moves for an Order requiring the Government to disclose the identity of any informants used in the investigation of this case, and to make such informant(s) available for interview. The Government opposes this motion.

The Government explains that two people assisted the police in the investigation of this case. First, a confidential informant ("CI") told the police that the CI was aware that Defendant Hernandez-Coria was a drug trafficker. At the request of the police, the CI made some initial telephone contacts with Hernandez-Coria. The CI then handed off Hernandez-Coria to the person identified in the discovery materials as the confidential reliable informant ("CRI").

In September and October 2018, the CRI made several telephone contacts with Hernandez-Coria to set up two distributions of methamphetamine, one on September 26, 2018, the other on October 10, 2018, as alleged in Counts 2 and 3 of the Indictment. These telephone contacts led to the seizure of approximately five pounds of methamphetamine from the Defendants on October 23, 2018, as alleged in Count 4 of the Indictment. In the two distribution transactions, the CRI met with Defendant Hernandez-Guevara, while Defendants Hernandez-Coria and Rios conducted counter-surveillance. The CRI was not directly involved in the seizure of methamphetamine alleged in Count 4. The CRI never personally met Hernandez-Coria or Rios.

First, regarding the CRI, the Government states that it intends to call the CRI as a witness at trial. The Government argues that it is not required to provide the names and identities of witnesses prior to trial, but the Government also indicates that it will disclose the CRI's identity pursuant to the trial judge's trial order along with all the other witnesses in this case.

Second, the Government asserts the informant privilege with respect to the CI. The purpose of the informant privilege "is the furtherance and protection of the public interest

in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Rovario v. United States*, 353 U.S. 53, 59 (1957). The most important factor to consider in determining whether disclosure is required is whether the informant's information is material to the defense. *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003). If the informant is an active participant in the conduct charged, the informant's identity is "almost always" material." *United States v. Sanchez*, 429 F.3d 753, 756 (8th Cir. 2005). If, on the other hand, the informant is a mere "tipster," there is generally a strong presumption against disclosure. *United States v. Lindsey*, 284 F.3d 874, 877 (8th Cir. 2002).

It does not appear that the CI was an active participant in the conduct charged in the Indictment. Instead, the CI was a mere tipster, at least one step removed from the Government's case against Defendants, and the Government does not intend to call the CI as a witness at trial. *See, e.g.*, *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) ("The confidential informant in this case did not participate in the offense charged against Hollis, and the government stated that it did not intend to call the informant as a witness at trial. There was, accordingly, no obligation on the part of the government to reveal the informant's identity."); *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (finding that the government was not required to disclose the identity of a tipster who "made controlled buys from the apartment and observed the cocaine one day prior to the warrant's execution," but "neither witnessed nor participated in the search of

the apartment"). Defendant has not provided any basis to conclude that disclosure of the CI's identity would be material to the defense. *See Lindsey*, 284 F.3d at 877 ("To establish materiality, the burden is on defendants to demonstrate that there is a 'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'") (quoting *Harrington*, 951 F.2d at 878).

For these reasons, Defendant's Motion for Pretrial Disclosure of Informant(s) and to Make Informant(s) Available for Interview **(Doc. No. 44)** is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** with respect to the CRI, but only to the extent that the CRI's identity should be disclosed pursuant to the district court's disclosure requirements for trial witnesses. In all other respects, the motion is **DENIED**.

**4.** **Motion for Discovery and Inspection.** Defendant moves for discovery of statements made by the Defendant, documents and tangible objects, reports of examinations and tests, expert witnesses, Defendant's criminal record, and witness statements. The Government responds that it has complied with its discovery obligations under Federal Rule of Criminal Procedure 16 and will continue to do so on an ongoing basis. On that understanding, Defendant's Motion for Discovery and Inspection **(Doc. No. 45)** is **GRANTED**.

**5.** **Motion for Disclosure of Rule 404 Evidence.** Defendant moves for an Order directing the Government to disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government responds that it will fully comply with the notice requirements of Rule 404(b) and will disclose any anticipated Rule 404(b) evidence

within three weeks of trial. On that understanding, Defendant's Motion for Disclosure of 404(b) Evidence **(Doc. No. 46)** is **GRANTED**.

      6.      **Motion for Disclosure of Jencks Act Material.** Defendant moves for an Order requiring the Government to disclose before trial all statements and reports within the meaning of the Jencks Act. The Government objects to any court-ordered disclosure of witness statements prior to the witness's testimony. *See* 18 U.S.C. § 3500. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Disclosure of Jencks Act Material **(Doc. No. 47)** is **DENIED**. Nothing in this Order precludes the Government from providing Jencks material no later than three days before trial as it has represented it will do.

      7.      **Motion to Retain Rough Notes and Evidence.** Defendant moves for an Order requiring any law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation. The Government responds that it has instructed its officers and agents to retain their rough notes concerning this investigation. Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 48)** is therefore **GRANTED**.

**III.**    <u>**Motions by Defendant Rodrigo Hernandez-Guevara**</u>

      1.      **Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant Hernandez-Guevara moves to suppress evidence obtained from

searches of certain residences. The parties requested post-hearing briefing on this motion. Defendant's brief in support of his Motion to Suppress is due no later than **February 15, 2019**, and the Government's response is due no later than **February 22, 2019**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 50)** under advisement on **February 22, 2019**, and issue a **Report and Recommendation** to the District Court.

    2.    **Motion for Disclosure of Informant.** This motion **(Doc. No. 51)** is **GRANTED** in part and **DENIED** in part for the reasons stated above, part II, number 3.

    3.    **Motion to Appoint Expert Medical Witness.** Defendant moves for the appointment of Dr. Chinmoy Gulrajani to evaluate Defendant for diminished capacity and post-traumatic stress disorder. *See* 18 U.S.C. § 3006A(e)(1) ("Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them," and if "the services are necessary and . . . the person is financially unable to obtain them, the court . . . shall authorize counsel to obtain the services"). Defendant disagrees, arguing that the examination pursuant to 18 U.S.C. §§ 4241(a), 4242(a) should proceed first. (Doc. No. 57.) This Court will grant Defendant's motion. *See* § 3006A(e)(1). The Court need not, however, dictate the sequence of examinations. Ideally, counsel should meet and confer about the process. Therefore, Defendant's Motion to Appoint Expert Medical Witness **(Doc. No. 52)** is **GRANTED**.

## IV. Joint Motion by Defendants Rios and Hernandez-Guevara

**1. Motion for Severance and a Separate Trial Pursuant to Fed. R. Crim. P. 14(a).** Defendants Rios and Hernandez-Guevara move for an Order requiring that they be tried separately. This motion **(Doc. No. 53)** is taken under advisement, and the Court will issue a **Report and Recommendation** to the District Court.

## V. Pretrial Deadlines and Trial

The deadline to submit proposed voir dire and jury instructions, as well as the dates for the final pretrial/status conference and jury trial before United States District Judge Susan Richard Nelson, will be set following a ruling on dispositive motions.

Date: February 4, 2019.

    *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge