# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-299 (SRN/BRT) |
| Plaintiff, | |
| v. | |
| Rodrigo Hernandez-Guevara (2), and Joyce LeeAnn Rios (3), | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Thomas M. Hollenhorst, Esq., Assistant United States Attorney, counsel for Plaintiff.

Ryan Christian Else, Esq., Brockton D. Hunter, PA, counsel for Defendant Hernandez-Guevara.

Elizabeth M. Forsythe, Esq., Dorsey & Whitney LLP, counsel for Defendant LeeAnn Rios.

This matter comes before the Court on a joint motion to sever filed by Defendants Rodrigo Hernandez-Guevara and Joyce LeeAnn Rios. (Doc. No. 53.) Defendants Hernandez-Guevara and Rios, along with Defendant Agustin Hernandez-Coria, were each charged with one count of conspiracy to distribute methamphetamine, two counts of distribution of methamphetamine, and one count of possession with intent to distribute methamphetamine. (Doc. No. 24.) After pretrial motions were filed, Hernandez-Coria reached a plea agreement[1] and withdrew his motions. (Doc. Nos. 64.)

---

[1] A change of plea hearing for Hernandez-Coria is scheduled for February 22, 2019. (Doc. No. 65.)

Hernandez-Guevara and Rios are married, and they argue that they would be prejudiced if tried together. This Court held a hearing on this motion on February 1, 2019. (Doc. No. 67.) At the motions hearing, the Government stated that it did not oppose the request, following Hernandez-Coria's decision to plead guilty; however, the Government noted that two trials might not be judicially efficient. For the reasons stated below, this Court recommends that severance be granted.

## I. Background

Defendants, as noted above, are charged with possession and/or sale of methamphetamine. Rios is charged as an aider and abettor for driving Hernandez-Coria and her husband, Hernandez-Guevara, to locations where the alleged drug sales took place. Rios and Hernandez-Guevara seek severance because their defenses would be compromised in a joint trial due to evidentiary issues involving various marital privileges and the ability to introduce potentially impermissible character evidence. Defendant Rios further argues that she suffers from certain psychological impairments that are caused by a history of abuse from her husband, and her symptoms would be exacerbated by her husband's presence at trial.

## II. Analysis

Under Federal Rule of Criminal Procedure 8(b), an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together.

*Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.*

Rule 14(a) of the Federal Rules of Criminal Procedure provides that if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." When defendants "properly have been joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. To warrant severance, a defendant "must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) (quoting *United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993)).

Rios and Hernandez-Guevara jointly argue that there should be separate trials due to the marriage confidential communications privilege, which "prohibits testimony regarding private intra-spousal communications." *United States v. Evans*, 966 F.2d 398, 401 (8th Cir. 1992). As noted above, Rios intends to testify about communications that took place between herself and Hernandez-Guevara when traveling between Madison and St. Paul. These communications would appear to satisfy the required elements to apply the privilege. *See Evans*, 966 F.2d at 401 (stating that the communication must have been "words or acts that are intended as a communication to the other spouse," must "occur during a time when the marriage is valid under state law," and "must be made in confidence" and not "in the

3

presence of a third party"). While Rios wishes to waive application of the privilege and testify regarding these communications at trial, Hernandez-Guevara could invoke the privilege and attempt to block Rios from providing the testimony. *See id.* ("Once these three prerequisites are met, a defendant may invoke the privilege to prevent his spouse from testifying as to the content of the protected communication."). The potential conflict between Rios's constitutional right to testify on her own behalf at trial and Hernandez-Guevara's right to invoke the marriage confidential communications privilege provides another justification in favor of separate trials.[2]

Further, in addition to the marriage confidential communications privilege, the adverse spousal testimony privilege may also be implicated at trial. "Under the adverse spousal testimony privilege . . . an individual 'may be neither compelled to testify nor foreclosed from testifying' against the person to whom he or she is married at the time of trial." *United States v. Bad Wound*, 203 F.3d 1072, 1075 (8th Cir. 2000) (quoting *Trammel v. United States*, 445 U.S. 40, 53 (1980)). This privilege rests with the testifying spouse. *See id.* Rios could therefore take the stand in her own defense, as she intends to do, but by subjecting herself to cross-examination, could be forced to give testimony that corroborates the Government's case against her husband, which she does not want to do. Rios should not

---

[2]  Rios and Hernandez-Guevara argue that the "partners in crime" exception is inapplicable because Rios's intended testimony is not related to illegal activity, but instead will shed light on their marital issues at the time in question and provide critical context for the allegations against her. (Def.'s Mem. 5 n.2); *Evans*, 966 F.2d at 401 (explaining that the "partners in crime" exception permits "witness-spouse testimony about confidential communications involving future or ongoing crimes in which the spouses were joint participants at the time of the communications," but is "limited to communications regarding patently illegal activity").

be forced to choose between her right to testify in her own defense and her desire not to incriminate her husband. *See, e.g.*, *United States v. Ali*, No. CRIM.NO. 04-CR-611-2, 2005 WL 697482, at *1 (E.D. Pa. Mar. 25, 2005) (severing the trial of codefendant spouses because the wife should not be forced to choose between "her right to testify on her own behalf and her privilege not to be compelled to testify adversely to her spouse").

Finally, Rios intends to testify at trial regarding relevant communications with her husband, including during multiple car trips she took with him from Madison, Wisconsin, to St. Paul, Minnesota, which are the subject of the Government's case. These communications, according to Rios, are "necessary to her defense to give context to the allegations against her." (Doc. No. 54, Def.'s Mem. 5.) Rios, however, suffers from psychological impairments, including post-traumatic stress disorder, dissociative disorder, and severe anxiety. (Def.'s Mem. 1; *see also* Doc. No. 54-1, December 13, 2018 Letter from C. Elizabeth Perry, MD.) Rios's impairments are caused by a history of abuse, including abuse by Hernandez-Guevara, and Rios maintains that her husband's presence at trial would exacerbate her symptoms. Thus, Rios argues that if she is tried alongside her husband, she will be unable to testify, or at least impaired in her ability to testify. This Court concludes that Rios should be tried separately from Hernandez-Guevara due to the serious risk that a joint trial would compromise Rios's right to testify and cause her prejudice due to the absence of her testimony. *See Zafiro*, 506 U.S. at 539 (explaining that "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial").

This Court recognizes that having separate trials implicates issues relating to judicial economy. The ultimate decision on severance, of course, is reserved to the district court, but this Court notes that the Government and counsel for Defendants estimate that the separate trials would be short, no more than a couple of days. Separate trials are likely to simplify evidentiary issues, which also favors judicial economy. Finally, separate trials will address the mental health issues presented by Defendant Rios.

### III. Recommendation

For the reasons set forth above, and based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion for Severance and a Separate Trial Pursuant to Fed. R. Crim. P. 14(a) (Doc. No. 53) be **GRANTED**.


Date: March 4, 2019.                    *s/ Becky R. Thorson*_____
                                        BECKY R. THORSON
                                        United States Magistrate Judge.


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).